**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**LEVERNE WALKER**, on behalf of himself and all
others similarly situated,

                Plaintiff,                CLASS ACTION COMPLAINT
                                         & DEMAND FOR JURY TRIAL
                                         DOCKET NO.

                vs.

**DSMB PARTNERS, LLC d/b/a ActivatedYou,**

                Defendant.
-----------------------------------------------------------------x

Plaintiff **LEVERNE WALKER,** ("Plaintiff" or "Mr. Walker,") individually and on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), by and through his undersigned counsel, brings this action against Defendant, **DSMB PARTNERS, LLC d/b/a ActivatedYou** ("ActivatedYou" or "Defendant"), for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., arising from Defendant's failure to ensure that its ecommerce Website, www.activatedyou.com, is accessible to blind and visually impaired individuals.

## INTRODUCTION

1.      Plaintiff, Leverne Walker, is a resident of Bronx County and is legally blind due to Retinitis Pigmentosa, a severe and progressive degenerative retinal disease that has caused severe and permanent damage to his vision. His treating ophthalmologist, Dr. Sarah Van Tassel of New York, New York, has confirmed on the New York State Office of Children and Family Services "Report of Legal Blindness" that Mr. Walker's functional vision meets the definition of legal blindness. His condition meets the criteria for legal

blindness under both State and Federal standards, and he should be afforded all privileges and accommodations available to those who are legally blind.

2.    Mr. Walker is a proficient user of screen-reading technology and keyboard navigation, which he relies on to access digital environments independently. Because he cannot visually perceive website content without accessible coding, he depends on websites to provide proper semantic structure, meaningful alternative text, labeled interactive controls, and screen-reader-compatible navigation in order to browse, evaluate, and purchase goods online. For blind consumers such as Mr. Walker, screen-reading software is not optional—it is the only means by which they can independently access the internet.

3.    For Mr. Walker in particular, high-quality wellness and dietary supplement products are not a luxury—they are central to how he manages his health and daily routines as a person living with a permanent visual disability. Reliable access to accurate product and ingredient information is essential to making informed decisions about supplements he takes daily, and he depends on accessible websites to obtain this information independently, without needing to rely on the assistance of others.

4.    According to the United States Census Bureau, millions of Americans live with significant visual impairments, including more than two million who are legally blind. In New York alone, hundreds of thousands of residents are blind or visually impaired. Congress enacted the Americans with Disabilities Act to eliminate discrimination against individuals with disabilities and to ensure full integration, independent living, and equal opportunity. These protections extend to digital spaces. The Department of Justice has

repeatedly affirmed that the ADA applies to the goods, services, privileges, and activities offered by public accommodations on the web.

5.    The internet has become an indispensable tool for modern life. It is a primary means of shopping, banking, learning, communicating, and accessing essential goods and services. For blind and visually impaired individuals, equal access to websites is critical to participating in society on equal terms. When websites are not designed to be compatible with screen-reading software, blind users are excluded from the digital marketplace and denied the independence that sighted users take for granted.

6.    Screen-reading software works by converting digital content into synthesized speech or refreshable Braille. For this technology to function, website content must be capable of being rendered into text. Websites that lack alternative text for images, contain unlabeled buttons or links, use improper heading structure, rely on duplicated form labels, or contain broken or missing ARIA references cannot be interpreted by screen readers. As a result, blind users cannot navigate, understand, or interact with such websites, and are denied equal access to the goods and services offered.

7.    The World Wide Web Consortium (W3C) has published the Web Content Accessibility Guidelines (WCAG 2.1), which are widely recognized as the industry standard for accessible website design. These guidelines are followed by major corporations, government agencies, and public institutions to ensure that digital content is accessible to blind and visually impaired users. Compliance with WCAG 2.1 is readily achievable and necessary to provide equal access under the ADA.

8.    Plaintiff brings this civil action against ActivatedYou for its failure to design, construct, maintain, and operate its highly interactive website,

www.activatedyou.com, in a manner that is fully accessible to and independently usable by blind and visually impaired individuals. Defendant's denial of full and equal access to its website—and therefore to the goods and services offered therein—constitutes a violation of Plaintiff's rights under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

9. On multiple occasions in 2026, Plaintiff attempted to access Defendant's website using screen-reader technology in order to research and purchase ActivatedYou's wellness and dietary supplement products, including its BioCollagen Complex supplement and various digestion support products. Plaintiff's shopping objectives were concrete, personal, and time-sensitive. He intended to review the product descriptions, ingredients, package options, pricing, and customer reviews for each item before completing a transaction.

10. Despite multiple attempts, Plaintiff was unable to independently complete his objectives due to persistent access barriers. Automated WAVE audits of the exact pages Plaintiff attempted to access—including the BioCollagen Complex product page and the Digestion Support category page—revealed multiple form labels, empty buttons, empty links, broken skip links, missing and skipped heading levels, redundant links, and low contrast text. These barriers interfered with screen-reader navigation and prevented Plaintiff from obtaining the same product information available to sighted users. Exhibit B

11. The accessibility barriers were pervasive across the pages Plaintiff attempted to use. For example, the WAVE report for the BioCollagen Complex product page identified 8 Errors, including 2 Multiple form labels, 3 Empty buttons, 2 Empty links, and 1 Broken skip link, along with 2 Contrast Errors for very low contrast text. The WAVE

report for the Digestion Support category page identified 12 Errors, including 6 Linked image missing alternative text, 3 Empty buttons, 2 Empty links, and 1 Broken skip link. These findings confirm that the Website is not coded in a manner compatible with screen-reader technology.

12. Defendant operates a retail ecommerce platform through which consumers can browse wellness supplements, review product descriptions and ingredients, read customer reviews, and complete purchases directly online. Plaintiff specifically sought out Defendant because of its specialized wellness supplements, including its plant-based collagen support formula and its digestion support product line. As a legally blind consumer, Plaintiff relies on accessible digital interfaces and descriptive labeling to make informed purchasing decisions. Defendant's failure to provide an accessible website denied him equal access to the goods and services it provides to non-disabled customers.

13. Plaintiff seeks a permanent injunction requiring Defendant to revise its corporate policies, practices, and procedures to ensure that www.activatedyou.com becomes and remains accessible to blind and visually impaired users. Plaintiff remains genuinely interested in purchasing the products offered by Defendant and intends to return to the website as soon as it is remediated so that he may independently browse and obtain information about products for himself. Without remediation, Plaintiff and other blind consumers remain excluded from equal participation in Defendant's online marketplace.

## JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, including Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

15. This Court has supplemental jurisdiction over Plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal ADA claims.

16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Bronx County, which is within this District, and accessed Defendant's website from within this District, and experienced the discriminatory barriers alleged herein in this District.

17. Defendant is subject to personal jurisdiction in this District because it purposefully directs business activities toward New York consumers through its highly interactive ecommerce website, www.activatedyou.com, which allows users to browse inventory, review product information, create accounts, and complete purchases. Defendant ships products directly to New York residents and derives substantial revenue from sales to consumers in this State.

18. The United States Department of Justice has repeatedly confirmed that the ADA applies to the goods, services, privileges, and activities offered by public accommodations on the web. The DOJ's Guidance on Web Accessibility and the ADA states that the ADA's requirements apply to all services offered by public accommodations, including those offered online.

19. This Court is empowered to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## **THE PARTIES**

20. Plaintiff Leverne Walker is, and at all relevant times was, a resident of Bronx County, New York. Mr. Walker is legally blind and a member of the protected

class of individuals under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)-(2), its implementing regulations at 28 C.F.R. § 36.101 et seq., and the protections afforded under New York State and New York City law. As confirmed by his treating ophthalmologist, Mr. Walker suffers from Retinitis Pigmentosa, a permanent degenerative condition that severely restricts his vision and requires the use of screen-reading software to access digital content independently.

21.     Plaintiff is a proficient user of screen-reader technology, including NVDA, and relies on keyboard navigation and accessible coding to browse, understand, and interact with websites. Because he cannot visually interpret printed or digital information without assistive technology, Mr. Walker depends on businesses to design, construct, and maintain their websites in a manner that is compatible with screen-reading software.

22.     For Mr. Walker, wellness and dietary supplement products such as those offered by ActivatedYou are essential to his health regimen. He uses Defendant's Website to research product ingredients, dosing instructions, and customer reviews in order to make informed purchasing decisions about supplements he takes daily as part of his overall health management.

23.     Upon information and belief, DSMB PARTNERS, LLC d/b/a ActivatedYou is a limited liability company organized under the laws of a state other than New York, with its principal place of business located in Santa Monica, California. Defendant owns, operates, and controls the commercial website www.activatedyou.com, through which it markets, displays, and sells wellness supplements and related products to consumers throughout the United States, including residents of New York.

## **STATEMENT OF FACTS**

### **Plaintiff's attempt to access the BioCollagen Complex product page**

24.      Between February 1, 2026, and April 20, 2026, Plaintiff Leverne Walker attempted on three separate occasions to access Defendant's website www.activatedyou.com using the NVDA screen reader on his home computer in the Bronx. On February 1, 2026, Plaintiff navigated to the BioCollagen Complex product page. Plaintiff visited this page for the specific purpose of reviewing the product's ingredients, package options, pricing, and customer reviews in order to determine whether to complete a purchase.

25.      Plaintiff sought to review the BioCollagen Complex product listing, including its description, ingredients, package options, pricing, and customer reviews, in order to determine whether to complete a purchase.

26.      During this visit, Plaintiff encountered multiple barriers that prevented him from independently evaluating the BioCollagen Complex product. The WAVE report for the page identified 8 Errors, including 2 Multiple form labels, 3 Empty buttons, 2 Empty links, and 1 Broken skip link, along with 2 Contrast Errors for very low contrast text. These technical failures manifested in concrete ways for Plaintiff:

- Multiple form labels on the page were duplicated or improperly associated, causing NVDA to announce confusing or repetitive information when Plaintiff attempted to interact with package selection and quantity controls.

- Several buttons, including cart and menu controls, were coded as empty buttons with no accessible name, so NVDA announced them only as "button" with no indication of their function.

- The page contained two very low contrast errors and a broken skip link, which, while primarily affecting low-vision users, compounded the barriers Plaintiff experienced navigating the page with a screen reader.

27. Because of these barriers, Plaintiff could not reliably navigate the product page, understand the available purchase options, or add the BioCollagen Complex product to his cart.

**Plaintiff's attempt to access the Digestion Support category page**

28. On March 5, 2026, Plaintiff returned to Defendant's website to research the "Digestion Support" product category, including the Morning Complete, Flora Complete, Advanced Restorative Probiotic, Total Bio Reset, Daily Digestive Tonic, Active Enzyme, and GI Prime products. Plaintiff was particularly interested in these products because they are marketed to support digestive health, energy levels, and overall wellness.

29. Plaintiff sought to review the product descriptions, ingredient information, customer ratings, and pricing for the various digestion support products listed on the category page.

30. During this visit, Plaintiff encountered pervasive accessibility barriers that prevented him from independently evaluating the products offered on the page. The WAVE report for this page identified 12 Errors, including 6 Linked image missing

alternative text, 3 Empty buttons, 2 Empty links, and 1 Broken skip link, as well as 31 Alerts. These technical issues translated into specific functional barriers:

- Six linked product images lacked alternative text entirely. WAVE flagged "Linked image missing alternative text," and NVDA announced these images only as generic links with no indication of which product they represented.

- Three buttons on the page, including navigation and cart controls, were coded as empty buttons with no accessible name, causing NVDA to announce them without any functional description.

- Two links on the page, including a broken skip link, were empty or nonfunctional, preventing Plaintiff from using standard screen-reader navigation shortcuts to bypass repetitive content.

- The page contained a missing first-level heading and a skipped heading level, along with sixteen redundant links pointing to the same destination, which caused NVDA to repeat identical link text multiple times as Plaintiff navigated the page, making it difficult to distinguish between different products.

31. Because of these barriers, Plaintiff was unable to determine critical information about the available digestion support products, including their ingredients, pricing, and customer ratings, and could not confidently select a product to purchase.

**Plaintiff's attempt to access the BioCollagen Complex checkout process**

32. On April 20, 2026, Plaintiff made a third attempt to use Defendant's website, this time to complete a purchase of the BioCollagen Complex supplement after having reviewed the product on a prior visit.

33. Plaintiff sought to select a package option, add the product to his cart, and complete the checkout process, including entering shipping and payment information.

34. The WAVE report for the BioCollagen Complex product page identified "8 Errors," including "2 Multiple form labels," "3 Empty buttons," "2 Empty links," and "1 Broken skip link," in addition to "2 Contrast Errors" for very low contrast text. These issues created concrete barriers for Plaintiff:

- Product images and promotional graphics again lacked meaningful alternative text, with NVDA announcing only "image" or "graphic" for the product bottle and packaging photos.
- The package selector for "1 Bottle," "3 Bottles," and "6 Bottles" used ARIA attributes such as aria-label="Final price" and aria-label="Original price" that were inconsistently applied, causing NVDA to announce confusing or duplicated pricing information.
- The "ADD TO CART" button and associated purchase information were embedded in dynamic regions with ARIA role="status" and aria-label attributes that did not reliably announce updates to NVDA users, leaving Plaintiff unaware of whether his selections had been registered.
- The "CUSTOMER REVIEWS" section and rating filter controls contained multiple empty buttons and ARIA-labeled elements flagged by WAVE with "aria-pressed=false" attributes that provided no meaningful feedback to NVDA users.
- The newsletter subscription form and footer accordion menus contained additional empty buttons and ARIA-controls attributes that WAVE flagged as inaccessible, further compounding the barriers Plaintiff faced.

35. Because of these barriers, Plaintiff was unable to confirm his package selection or reliably complete the checkout process for the BioCollagen Complex product, and ultimately abandoned his attempt to purchase the item.

**Systemic barriers confirmed by WAVE across Defendant's Website**

36. The WAVE accessibility evaluation reports for https://www.activatedyou.com confirmed that the barriers Plaintiff encountered are not

isolated incidents but rather reflect systemic, ongoing accessibility failures across

Defendant's Website, including:

- "Linked image missing alternative text" on multiple product images throughout the Website (WCAG 2.1 A 1.1.1);
- "Empty button" and "Empty link" errors affecting core navigation, cart, and checkout functionality (WCAG 2.1 A 4.1.2, 2.4.4);
- "Broken skip link" errors preventing screen-reader users from bypassing repetitive navigation content (WCAG 2.1 A 2.4.1);
- "Missing first level heading" and "Skipped heading level" errors that prevent screen-reader users from understanding the structure and organization of page content (WCAG 2.1 A 1.3.1);
- "Redundant link" errors, including sixteen instances on a single page, that cause screen readers to repeat identical link text, making navigation confusing and inefficient (WCAG 2.1 A 2.4.4);
- "Very low contrast" text errors affecting the readability of pricing and promotional content for low-vision users (WCAG 2.1 AA 1.4.3);
- "Multiple form labels" and improperly associated form fields on product package selectors, causing screen readers to announce confusing or duplicated information (WCAG 2.1 A 1.3.1, 4.1.2).

37.    The WAVE reports also identified numerous alerts and structural issues across Defendant's product pages, including noscript elements, underlined text that can be confused with hyperlinks, and very small text that impairs readability for low-vision users.

38.    These findings corroborate Plaintiff's lived experience: Defendant's Website is not designed, constructed, maintained, or operated in a manner that is fully accessible to, or independently usable by, blind and visually impaired individuals.

39.    Because ActivatedYou's products are health and wellness supplements that are particularly important to blind users—who often rely on independent access to accurate product and ingredient information to manage their health—the accessibility

barriers on Defendant's Website cause Plaintiff and similarly situated individuals particular and ongoing harm.

40. Plaintiff remains highly interested in purchasing ActivatedYou's products and intends to return to the Website as soon as it is made accessible. Plaintiff's intent to return is concrete and credible because:

- (a) he continues to require high-quality wellness and supplement products to support his daily life and health management as a blind person;
- (b) ActivatedYou's products, including BioCollagen Complex and its Morning Complete digestion support line, are uniquely marketed and not all available through equally accessible alternative retailers;
- (c) he has no alternative means of independently evaluating or purchasing these specific products without an accessible Website; and
- (d) he has demonstrated a history of attempting to access the Website for the purpose of making a purchase.

41. However, the persistent barriers he encountered deter him from attempting to use the Website again until it is remediated. Plaintiff's injury is ongoing because Defendant continues to operate an inaccessible Website without a policy or plan to ensure accessibility. Defendant's failure to design, construct, maintain, and operate its Website in a manner compatible with screen-reader technology constitutes discrimination under Title III of the ADA. Defendant's inaccessible Website denies blind consumers equal access to the goods and services it offers to the general public and prevents blind users from participating in the digital marketplace on equal terms.

**Class Action Allegations**

42. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Plaintiff seeks certification of a nationwide class consisting of:

43. All legally blind individuals in the United States who have attempted to access www.activatedyou.com and, as a result of Defendant's failure to design, construct, maintain, and operate the Website in an accessible manner, were denied equal access to the goods, services, and information offered thereon.

44. Plaintiff also seeks certification of a New York subclass consisting of:

45. All legally blind individuals residing in the State of New York who have attempted to access www.activatedyou.com and were denied equal access to the goods, services, and information offered thereon.

46. The members of the Class and Subclass are so numerous that joinder of all members is impracticable. Defendant operates a nationwide ecommerce platform and markets its wellness and supplement products to consumers throughout the United States. Upon information and belief, hundreds if not thousands of blind and visually impaired individuals have attempted to access www.activatedyou.com and have been denied equal access due to the systemic accessibility barriers confirmed by WAVE audits.

47. Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual members. These common questions include, but are not limited to:

- Whether Defendant's Website contains accessibility barriers that prevent blind individuals from accessing its goods and services;
- Whether Defendant's failure to make its Website accessible violates Title III of the ADA;
- Whether Defendant's failure to maintain accessible digital content violates New York State and New York City disability rights laws;
- Whether Defendant's conduct constitutes ongoing discrimination against blind consumers; and

- Whether injunctive relief is warranted to require Defendant to bring its Website into compliance with WCAG 2.1.

48.    Plaintiff's claims are typical of the claims of the Class and Subclass because Plaintiff, like all members of the Class, is legally blind, uses screen-reading software, and was denied equal access to Defendant's Website due to the same systemic accessibility barriers identified in the WAVE reports.

49.    Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass. Plaintiff has retained counsel experienced in ADA litigation, class actions, and digital accessibility matters.

50.    Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass, making final injunctive relief appropriate with respect to the Class as a whole. Defendant continues to operate an inaccessible Website without any policy, plan, or practice to ensure accessibility, thereby subjecting all blind users to the same discriminatory barriers.

51.    Certification under Rule 23(b)(2) is appropriate because Defendant has failed to design, construct, maintain, and operate its Website in compliance with WCAG 2.1, and because Defendant's actions apply generally to all blind individuals who attempt to use the Website. Declaratory and injunctive relief is the only appropriate remedy to ensure equal access for Plaintiff and the Class.

## FIRST CAUSE OF ACTION
**(Violations of the ADA, 42 U.S.C. § 12182 et seq.)**

52.    Plaintiff, LEVERNE WALKER, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

53.    Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases or leases to, or operates a place of public accommodation.

42 U.S.C. § 12182(a).

54.    Defendant's Website, www.activatedyou.com, is a service of a place of public accommodation and a digital gateway through which Defendant offers goods, services, privileges, and advantages to the general public. As such, the Website must be equally accessible to all consumers, including blind and visually impaired individuals who rely on screen-reading technology.

55.    Defendant has failed to design, construct, maintain, and operate its website in a manner that is fully accessible to blind and visually impaired individuals, in violation of Title III of the ADA and its implementing regulations.

56.    Defendant's website contains numerous accessibility barriers—including multiple form labels, empty buttons and links, broken skip links, missing and skipped heading levels, redundant links, and low contrast text—that prevent blind users from perceiving, navigating, and interacting with the website.

57.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or

benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

58.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

59.    The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits his major life activity of sight within the meaning of 42 U.S.C. § 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, www.activatedyou.com, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct, as the violations are ongoing. Upon information and belief, Defendant has received prior notice of these accessibility anomalies through consumer complaints, automated audit findings, and industry-standard compliance tools, including

in a prior class action lawsuit filed against Defendant in this District. See Paguada v. DSMB Partners, LLC, No. 1:22-cv-01816-ALC (S.D.N.Y. 2022). Despite this notice, Defendant has failed to implement WCAG-compliant remediation, demonstrating a pattern of disregard for its obligations under federal law.

60.    Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section "Prayer For Relief" below.

## SECOND CAUSE OF ACTION
### (New York State Human Rights Law)
### ("NYSHRL")

61.    Plaintiff, LEVERNE WALKER, on behalf of himself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

62.    At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 et seq., covers the actions of the Defendant.

63.    Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

64.    Defendant, at all relevant times to this action, owns and operates a place of public accommodation, the subject Website, www.activatedyou.com, within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

65.    Plaintiff has visited the Website, www.activatedyou.com, on a number of occasions and has encountered barriers to his access that exist.

66.    Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

67.    Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law §§ 296(2)(a), 296(2)(c)(i).

68.    Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the site known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

69.    Defendant's discriminatory practice also includes "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

70.    Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Web Consortium, known throughout the world as W3C, has published version 2.1 of the Web Content Accessibility Guidelines (WCAG 2.1). WCAG 2.1 is a well-established guideline for making websites accessible to blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

71.    Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass in violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2), and the discrimination continues to date.

72.    Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

73.    Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorneys' fees, costs, and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) et seq.

74. Plaintiff repeats and realleges every allegation contained in the foregoing paragraphs as if fully set forth herein.

75. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes Defendant denies, that Defendant's website contains access barriers denying blind customers full and equal access to the products, services, and facilities offered through the website.

76. A judicial declaration is necessary and appropriate at this time so that the parties may know their respective rights and duties and act accordingly.

**THIRD CAUSE OF ACTION**
**(Violation of New York State Civil Rights Law)**
**("NYCRL")**

77. Plaintiff, LEVERNE WALKER, on behalf of himself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

78. Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Notice to Attorney General)

79. Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

80.     No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

81.     § 292 of Article 15 of the N.Y. Executive Law deems a disability, a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

82.     Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website, www.activatedyou.com, is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

83.     Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass, preventing access in violation of NYCRL § 40.

84.     Defendant has failed to take any steps to halt and correct its discriminatory conduct and continues to discriminate against the Plaintiff and the Subclass members.

85.     Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person

aggrieved thereby . . . in any court of competent jurisdiction in the county in which the plaintiff or defendant shall reside." Id.

86.     Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civ. Rights Law § 40 et seq.

### FOURTH CAUSE OF ACTION
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

87.     Plaintiff, LEVERNE WALKER, on behalf of himself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

88.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of any person's . . . disability . . . directly or indirectly to refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation."

89.     Defendant is subject to NYCHRL because it owns and operates the Website, www.activatedyou.com, making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

90.     Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Website, causing the Website and the services integrated therein to be completely inaccessible to the blind. This inaccessibility

denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

91.    Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 et seq.] from discriminating based on disability [shall] provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question, provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

92.    Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code §§ 8-107(4)(a) and 8-107(15)(a), in that Defendant has:

- a. constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or
- b. constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or
- c. failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

93.    Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

94.    As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from

continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

95.     Defendant's actions violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

96.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code §§ 8-120(8) and 8-126(a) for each offense, as well as punitive damages pursuant to § 8-502.

97.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

98.     Under N.Y.C. Administrative Code §§ 8-120 and 8-126 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION
**(Declaratory Relief)**

99.     Plaintiff, LEVERNE WALKER, on behalf of himself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

100.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, in violation of applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq., and N.Y.C. Admin. Code § 8-107, et seq., prohibiting discrimination against the blind.

101.    A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

- A preliminary and permanent injunction prohibiting Defendant from violating Title III of the ADA, 42 U.S.C. § 12182 et seq.;
- A preliminary and permanent injunction requiring Defendant to take all steps necessary to make www.activatedyou.com fully accessible to and usable by blind and visually impaired individuals, including through adoption and maintenance of WCAG-conforming accessibility measures;
- A declaration that Defendant owns, maintains, controls, and/or operates its website in a manner that discriminates against blind individuals and fails to provide equal access as required by law;
- An order certifying the proposed Class and New York Subclass under Fed. R. Civ. P. 23, appointing Plaintiff as Class Representative, and appointing his counsel as Class Counsel;
- An award of costs, litigation expenses, and reasonable attorneys' fees to the fullest extent permitted by law; and
- Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
        August 3, 2026

Respectfully submitted,
JOSEPH & NORINSBERG LLC
*/s/ Robert Schonfeld*
Robert L. Schonfeld, Esq.
Attorneys for Plaintiff
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No. (212) 227-5700
rschonfeld@employeejustice.com
